# Exhibit A

DCL  19-97

FILED
2/23/2021 11:25 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2019L012509

12311908

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| MANISH MEHTA, and DEEPA MEHTA, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) No. 2019 L 012509 |
| STARWOOD HOTELS & RESORTS, LLC, | ) |
| d/b/a WESTIN LOS CABOS RESORT | ) |
| VILLAS & SPA, | ) |
| MARRIOTT INTERNATIONAL, INC. d/b/a | ) |
| WESTIN LOS CABOS RESORT | ) |
| VILLAS & SPA, and MARRIOTT | ) |
| VACATIONS WORLDWIDE CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiffs, MANISH MEHTA and DEEPA MEHTA, by and through

their attorneys, MOTHERWAY & NAPLETON, LLP, and complaining of the defendants, and

MARRIOTT INTERNATIONAL, INC. d/b/a WESTIN LOS CABOS RESORT VILLAS &

SPA ("MARRIOTT"), STARWOOD HOTELS & RESORTS WORLDWIDE, LLC d/b/a

WESTIN LOS CABOS RESORT VILLAS & SPA ("STARWOOD"), and MARRIOTT

VACATIONS WORLDWIDE CORPORATION ("MVW"), and state as follows:

## COUNT I - MARRIOTT

1.    Plaintiff, MANISH MEHTA, is a resident of Cook County, Illinois.

2.    Plaintiff, DEEPA MEHTA, is a resident of Cook County, Illinois.

3.    Plaintiffs, MANISH MEHTA and DEEPA MEHTA, are lawfully married in the

State of Illinois.

4.    Defendant, MARRIOTT, is a foreign corporation duly licensed in the State of

Illinois and regularly conducts business in and around Cook County, Illinois.

5. At all relevant times, MARRIOTT, represented that it owned, operated, managed, maintained and controlled various resorts in Los Cabos, Mexico, including but not limited to the Westin Los Cabos resort located at or near Carretera Transpeninsular KM 22.5, Los Cabos, Baja California Sur 23400, Mexico. (See attached Exhibit A).

6. At all relevant times, MARRIOTT, held out to the general public, including Plaintiff, that the Westin Los Cabos resort located at or near Carretera Transpeninsular KM 22.5, Los Cabos, Baja California Sur 23400, Mexico was owned, operated, managed, maintained, and controlled by defendant, MARRIOTT. (Ex. A).

7. At all relevant times herein, STARWOOD d/b/a WESTIN, was a brand and/or affiliate of defendant, MARRIOTT, which maintains the largest hotel chain in the world owning several different brands, companies, and affiliates.

8. Defendant, MARRIOTT, owns, operates, controls, and manages STARWOOD d/b/a WESTIN as part of its hotel chain and brand.

9. At all relevant times herein, defendant, MARRIOTT, advertised in the Circuit Court of Cook County and the State of Illinois a vacation destination at the Westin Los Cabos Villas & Spa located at Los Cabos, Mexico. (See attached Exhibit B).

10. On June 5, 2017, Plaintiff, MANISH MEHTA responded to a MARRIOTT advertisement and purchased a reservation in Cook County, Illinois through defendant MARRIOTT's website a 4-night vacation stay at WESTIN Los Cabos Villas & Spa.

11. On November 12, 2017, Plaintiffs, MANISH MEHTA and DEEPA MEHTA, arrived at the Westin Los Cabos Villas & Spa located at Los Cabos, Mexico.

12. On November 14, 2017, Plaintiff, Manish Mehta, traveled to another room within the defendant, MARRIOTT'S resort to receive a ninety minute "therapeutic" massage.

2

13.     On November 14, 2017, Manish Mehta was greeted by a massage therapist who represented that she was an employee of the defendant, WESTIN, and was dressed in a uniform that was identical to defendant, WESTIN's, other staff, employees, service members, and individuals who performed hospitality and concierge services at the Westin Los Cabos Villas & Spa.

14.     On November 14, 2017, Manish Mehta received a "therapeutic" massage.

15.     Shortly thereafter, plaintiff, MANISH MEHTA, experienced painful symptoms and suffered injuries of a personal and pecuniary nature requiring his hospitalization.

16.     On November 21, 2017, plaintiff, MANISH MEHTA, and his wife, DEEPA MEHTA, took a direct flight to Chicago, Illinois and traveled immediately to Northwestern Medical Center where plaintiff, MANISH MEHTA, was diagnosed with having suffered a bilateral vertebral artery dissection that caused a brain stem stroke.

17.     At all relevant times herein, plaintiff, MANISH MEHTA, justifiably relied on the representations of the massage therapist that she was an agent, employee, and/or apparent agent of the defendant, MARRIOTT d/b/a WESTIN. (See attached Exhibit C).

18.     At all relevant times herein, the massage therapist held themselves out as a licensed massage therapist.

19.     At all relevant times herein, the unnamed agent and/or employee held themselves out as an agent and/or employee of defendant, MARRIOTT.

20.     At all relevant times herein, plaintiff, MANISH MEHTA, justifiably relied on the representations of the MARRIOTT company brand with regards to the background checks it performs on its employees for their training, experience, credentials, expertise, and knowledge for performing therapeutic massages.

21.     At all relevant times, MARRIOTT represented to Plaintiffs that it controlled, owned, oversaw, and/or otherwise managed activities on the resort, including those of the massage therapist.

22.     At all relevant times herein, plaintiff, MANISH MEHTA, justifiably relied on the hotel and resort being owned, operated, managed, and maintained by defendant, MARRIOTT.

23.     At all relevant times, Plaintiffs justifiably relied on the representations of MARRIOTT and the MARRIOTT brand's reputation as a global hospitality leader and its commitment to service and business integrity.

24.     At all relevant times, defendant's massage therapist was the MARRIOTT's agent and was acting within the course and scope of its agency of defendant, MARRIOTT.

25.     At all relevant times herein, the defendant, MARRIOTT, by and through its agent and/or apparent agent, was under a duty to exercise reasonable care and to provide proper massage therapy, palpation and/or movement of the soft tissue of the body for the general health and well-being of the plaintiff.

26.     On November 14, 2017, and continuing thereafter, defendant MARRIOTT, by and through its agent and/or apparent agent, was negligent in one or more of the following respects:

     a.  Failed to perform an adequate background investigation prior to hiring the therapist;

     b.  Failed to adopt, maintain, and/or enforce policies and procedures for hiring competent, qualified, and certified massage therapists;

     c.  Failed to perform an appropriate workup and pre-massage assessment to properly screen the plaintiff;

     d.  Failed to perform a provocative test such as a Sullivan's test and/or George's test;

4

e.  Failed to perform a diversified technique prior to engaging in the massage therapy;

f.  Failed to provide adequate and reasonable massage therapy, palpation and/or movement of the Plaintiff's tissue at or near the Plaintiff's cervical region;

g.  Failed to adequately monitor and assess the MANISH MEHTA's physical condition during the course of the massage therapy, palpation and/or movement of the MANISH MEHTA's tissue;

h.  Failed to listen to the MANISH MEHTA's complaints regarding the aggressiveness of the massage therapy, palpation and/or movement of the his tissue;

i.  Failed to adequately and reasonably warn the MANISH MEHTA of the risks of injury associated with the massage therapy, palpation and/or movement of the Plaintiff's soft tissue;

j.  Engaged in rigorous and violent stretching techniques that contorted the plaintiff's body, neck, and skull at abnormal and obtuse angles; and/or

k.  Was otherwise negligent.

27.  As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, MARRIOTT, plaintiff MANISH MEHTA, suffered injuries of a personal and pecuniary nature, specifically a bilateral vertebral artery dissection that resulted in a brain stem stroke.

28.  At all relevant times herein, defendant, MARRIOTT, is vicariously liable for the actions and/or omissions of its agent.

WHEREFORE, plaintiff, MANISH MEHTA, demands judgment against the defendant, MARRIOTT, in an amount in excess of the jurisdictional limits of the Circuit Court of Cook County, Law Division.

## COUNT II
## STARWOOD d/b/a WESTIN

29.  Plaintiff, MANISH MEHTA, is a resident of Cook County, Illinois.

30.     Plaintiff, DEEPA MEHTA, is a resident of Cook County, Illinois.

31.     Plaintiffs, MANISH MEHTA and DEEPA MEHTA, are lawfully married in the State of Illinois.

32.     Defendant, WESTIN, is a foreign corporation duly licensed in the State of Illinois and regularly conducts business in and around Cook County, Illinois.

33.     At all relevant times, WESTIN, owned, operated, managed, maintained and controlled various resorts in Los Cabos, Mexico, including but not limited to the Westin Los Cabos resort located at or near Carretera Transpeninsular KM 22.5, Los Cabos, Baja California Sur 23400, Mexico.

34.     At all relevant times, WESTIN, directed, oversaw, managed, and authorized the manner and overall course of action in which the resort was doing business.

35.     At all relevant times, WESTIN, held out to the general public, including Plaintiff, that the Westin Los Cabos resort located at or near Carretera Transpeninsular KM 22.5, Los Cabos, Baja California Sur 23400, Mexico was owned, operated, managed, maintained, and controlled by defendant, WESTIN.

36.     At all relevant times herein, WESTIN, was a brand and/or affiliate of defendant, MARRIOTT, which maintains the largest hotel chain in the world owning several different brands, companies, and affiliates.

37.     Defendant, MARRIOTT, owns, operates, controls, and manages WESTIN as part of its hotel chain and brand.

38.     At all relevant times herein, defendant, WESTIN, advertised in the Circuit Court of Cook County and the State of Illinois a vacation destination at the Westin Los Cabos Villas & Spa located at Los Cabos, Mexico.

39.     On June 5, 2017, Plaintiff, MANISH MEHTA responded to an advertisement and purchased a reservation in Cook County, Illinois through defendant STARWOOD's website a 4-night vacation stay at WESTIN Los Cabos Villas & Spa.

40.     On November 12, 2017, Plaintiffs, MANISH MEHTA and DEEPA MEHTA, arrived at the Westin Los Cabos Villas & Spa located at Los Cabos, Mexico.

41.     On November 14, 2017, Plaintiff, Manish Mehta, traveled to another room within the defendant, STARWOOD d/b/a WESTIN'S resort to receive a ninety minute "therapeutic" massage.

42.     On November 14, 2017, Manish Mehta was greeted by a massage therapist who represented that she was an employee of the defendant, WESTIN, and was dressed in a uniform that was identical to defendant, WESTIN's, other staff, employees, service members, and individuals who performed hospitality and concierge services at the Westin Los Cabos Villas & Spa.

43.     On November 14, 2017, Manish Mehta received a "therapeutic" massage.

44.     Shortly thereafter, plaintiff, MANISH MEHTA, experienced painful symptoms and suffered injuries of a personal and pecuniary nature requiring his hospitalization.

45.     On November 21, 2017, plaintiff, MANISH MEHTA, and his wife, DEEPA MEHTA, took a direct flight to Chicago, Illinois and traveled immediately to Northwestern Medical Center where plaintiff, MANISH MEHTA, was diagnosed with having suffered a bilateral vertebral artery dissection that caused a brain stem stroke.

46.     At all relevant times herein, plaintiff, MANISH MEHTA, justifiably relied on the representations of the massage therapist that she was an agent, employee, and/or apparent agent of the defendant, STARWOOD d/b/a WESTIN.

47.     At all relevant times herein, the massage therapist held themselves out as a licensed massage therapist.

48.     At all relevant times herein, the unnamed agent and/or employee held themselves out as an agent and/or employee of defendant, STARWOOD d/b/a WESTIN.

49.     At all relevant times herein, plaintiff, MANISH MEHTA, justifiably relied on the representations of the WESTIN company brand with regards to the background checks it performs on its employees for their training, experience, credentials, expertise, and knowledge for performing therapeutic massages.

50.     At all relevant times, WESTIN represented to Plaintiffs that it controlled, owned, oversaw, and/or otherwise managed activities on the resort, including those of the massage therapist.

51.     At all relevant times herein, plaintiff, MANISH MEHTA, justifiably relied on the hotel and resort being owned, operated, managed, and maintained by defendant, WESTIN.

52.     At all relevant times, Plaintiff justifiably relied on the representations of WESTIN and the MARRIOTT brand's reputation as a global hospitality leader and its commitment to service and business integrity.

53.     At all relevant times, defendant's massage therapist was the WESTIN's agent and was acting within the course and scope of its agency of defendant, STARWOOD d/b/a WESTIN.

54.     At all relevant times herein, the defendant, WESTIN, by and through its agent and/or apparent agent, was under a duty to exercise reasonable care and to provide proper massage therapy, palpation and/or movement of the soft tissue of the body for the general health and well-being of the plaintiff.

55.     On November 14, 2017, and continuing thereafter, defendant WESTIN, by and through its agent and/or apparent agent, was negligent in one or more of the following respects:

    a.  Failed to perform an adequate background investigation prior to hiring the therapist;

    b.  Failed to adopt, maintain, and/or enforce policies and procedures for hiring competent, qualified, and certified massage therapists;

    c.  Failed to perform an appropriate workup and pre-massage assessment to properly screen the MANISH MEHTA;

    d.  Failed to perform a provocative test such as a Sullivan's test and/or George's test;

    e.  Failed to perform a diversified technique prior to engaging in the massage therapy;

    f.  Failed to provide adequate and reasonable massage therapy, palpation and/or movement of MANISH MEHTA's tissue at or near MANISH MEHTA's cervical region;

    g.  Failed to adequately monitor and assess MANISH MEHTA's physical condition during the course of the massage therapy, palpation and/or movement of MANISH MEHTA's tissue;

    h.  Failed to listen to MANISH MEHTA's complaints regarding the aggressiveness of the massage therapy, palpation and/or movement of MANISH MEHTA's tissue;

    i.  Failed to adequately and reasonably warn MANISH MEHTA of the risks of injury associated with the massage therapy, palpation and/or movement of MANISH MEHTA's soft tissue;

    j.  Engaged in rigorous and violent stretching techniques that contorted the plaintiff's body, neck, and skull at abnormal and obtuse angles; and/or

    k.  Was otherwise negligent.

56.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, WESTIN, plaintiff MANISH MEHTA, suffered injuries of a

personal and pecuniary nature, specifically a bilateral vertebral artery dissection that resulted in a brain stem stroke.

57.     At all relevant times herein, defendant, WESTIN, is vicariously liable for the actions and/or omissions of its agent.

WHEREFORE, plaintiff, MANISH MEHTA, demands judgment against the defendant, WESTIN, in an amount in excess of the jurisdictional limits of the Circuit Court of Cook County, Law Division.

## COUNT III
## MARRIOTT VACATIONS WORLDWIDE CORPORATION

58.     Plaintiff, MANISH MEHTA, is a resident of Cook County, Illinois.

59.     Plaintiff, DEEPA MEHTA, is a resident of Cook County, Illinois.

60.     Plaintiffs, MANISH MEHTA and DEEPA MEHTA, are lawfully married in the State of Illinois.

61.     Defendant, MARRIOTT VACATIONS WORLDWIDE CORPORATION ("MVW"), is a foreign corporation duly licensed in the State of Illinois and regularly conducts business in and around Cook County, Illinois.

62.     On information and belief, at all relevant times, MVW, owned, operated, managed, maintained and controlled various resorts, including but not limited to the Westin Los Cabos resort located at or near Carretera Transpeninsular KM 22.5, Los Cabos, Baja California Sur 23400, Mexico.

63.     At all relevant times, MVW, through defendant MARRIOTT, held out to the general public, including Plaintiff, that the Westin Los Cabos resort located at or near Carretera Transpeninsular KM 22.5, Los Cabos, Baja California Sur 23400, Mexico was owned, operated, managed, maintained, and controlled by defendant, MARRIOTT.

10

64.     At all relevant times herein, STARWOOD d/b/a WESTIN, was a brand and/or affiliate of defendant, MVW, which maintains the largest hotel chain in the world owning several different brands, companies, and affiliates.

65.     Defendant, MARRIOTT, owns, operates, controls, and manages STARWOOD d/b/a WESTIN as part of its hotel chain and brand and maintains licensing agreements with MVW.

66.     At all relevant times herein, defendant, MVW, through defendant MARRIOTT, advertised in the Circuit Court of Cook County and the State of Illinois a vacation destination at the Westin Los Cabos Villas & Spa located at Los Cabos, Mexico.

67.     On June 5, 2017, Plaintiff, MANISH MEHTA responded to a MARRIOTT advertisement and purchased a reservation in Cook County, Illinois through defendant MARRIOTT's website a 4-night vacation stay at WESTIN Los Cabos Villas & Spa.

68.     On November 12, 2017, Plaintiffs, MANISH MEHTA and DEEPA MEHTA, arrived at the Westin Los Cabos Villas & Spa located at Los Cabos, Mexico.

69.     On November 14, 2017, Plaintiff, Manish Mehta, traveled to another room within the defendant, MVW's resort to receive a ninety minute "therapeutic" massage.

70.     On November 14, 2017, Manish Mehta was greeted by a massage therapist who represented that she was an employee of the defendant, WESTIN, and was dressed in a uniform that was identical to defendant, WESTIN's, other staff, employees, service members, and individuals who performed hospitality and concierge services at the Westin Los Cabos Villas & Spa.

71.     On November 14, 2017, Manish Mehta received a "therapeutic" massage.

11

72.     Shortly thereafter, plaintiff, MANISH MEHTA, experienced painful symptoms and suffered injuries of a personal and pecuniary nature requiring his hospitalization.

73.     On November 21, 2017, plaintiff, MANISH MEHTA, and his wife, DEEPA MEHTA, took a direct flight to Chicago, Illinois and traveled immediately to Northwestern Medical Center where plaintiff, MANISH MEHTA, was diagnosed with having suffered a bilateral vertebral artery dissection that caused a brain stem stroke.

74.     At all relevant times herein, plaintiff, MANISH MEHTA, justifiably relied on the representations of the massage therapist that she was an agent, employee, and/or apparent agent of the defendant, MVW d/b/a WESTIN.

75.     At all relevant times herein, the massage therapist held themselves out as a licensed massage therapist.

76.     At all relevant times herein, the unnamed agent and/or employee held themselves out as an agent and/or employee of defendant, MARRIOTT.

77.     At all relevant times herein, plaintiff, MANISH MEHTA, justifiably relied on the representations of the MARRIOTT company brand with regards to the background checks it performs on its employees for their training, experience, credentials, expertise, and knowledge for performing therapeutic massages.

78.     At all relevant times, MVW, through MARRIOTT, represented to Plaintiffs that it controlled, owned, oversaw, and/or otherwise managed activities on the resort, including those of the massage therapist.

79.     At all relevant times herein, plaintiff, MANISH MEHTA, justifiably relied on the hotel and resort being owned, operated, managed, and maintained by defendant, MARRIOTT.

80.     At all relevant times, Plaintiffs justifiably relied on the representations of MVW and the MARRIOTT brand's reputation as a global hospitality leader and its commitment to service and business integrity.

81.     At all relevant times, defendant's massage therapist was the MVW's agent and was acting within the course and scope of its agency of defendant, MVW.

82.     At all relevant times herein, the defendant, MVW, by and through its agent and/or apparent agent, was under a duty to exercise reasonable care and to provide proper massage therapy, palpation and/or movement of the soft tissue of the body for the general health and well-being of the plaintiff.

83.     On November 14, 2017, and continuing thereafter, defendant MVW, by and through its agent and/or apparent agent, was negligent in one or more of the following respects:

  a.  Failed to perform an adequate background investigation prior to hiring the therapist;

  b.  Failed to adopt, maintain, and/or enforce policies and procedures for hiring competent, qualified, and certified massage therapists;

  c.  Failed to perform an appropriate workup and pre-massage assessment to properly screen the plaintiff;

  d.  Failed to perform a provocative test such as a Sullivan's test and/or George's test;

  e.  Failed to perform a diversified technique prior to engaging in the massage therapy;

  f.  Failed to provide adequate and reasonable massage therapy, palpation and/or movement of the Plaintiff's tissue at or near the Plaintiff's cervical region;

  g.  Failed to adequately monitor and assess the MANISH MEHTA's physical condition during the course of the massage therapy, palpation and/or movement of the MANISH MEHTA's tissue;

h. Failed to listen to the MANISH MEHTA's complaints regarding the aggressiveness of the massage therapy, palpation and/or movement of the his tissue;

i. Failed to adequately and reasonably warn the MANISH MEHTA of the risks of injury associated with the massage therapy, palpation and/or movement of the Plaintiff's soft tissue;

j. Engaged in rigorous and violent stretching techniques that contorted the plaintiff's body, neck, and skull at abnormal and obtuse angles; and/or

k. Was otherwise negligent.

84. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, MVW, plaintiff MANISH MEHTA, suffered injuries of a personal and pecuniary nature, specifically a bilateral vertebral artery dissection that resulted in a brain stem stroke.

85. At all relevant times herein, defendant, MARRIOTT, is vicariously liable for the actions and/or omissions of its agent.

WHEREFORE, plaintiff, MANISH MEHTA, demands judgment against the defendant, MARRIOTT, in an amount in excess of the jurisdictional limits of the Circuit Court of Cook County, Law Division.

## COUNT IV
## DEEPA MEHTA

86. Plaintiff repeats and re-alleges paragraphs 1-58 as if fully set forth herein.

87. At all times herein mentioned, plaintiff, DEEPA MEHTA, was and she remains the lawful spouse of MANISH MEHTA.

88. At all times herein mentioned, the plaintiff, DEEPA MEHTA, was and she remains a resident of the State of Illinois.

89.     As a proximate result of one or more of the aforesaid negligent acts or omissions

of each defendant, the plaintiff, DEEPA MEHTA, suffered injury to the marital relationship and

the loss of consortium of her spouse, MANISH MEHTA.

WHEREFORE, plaintiff, DEEPA MEHTA, demands judgment against the defendants,

MARRIOTT INTERNATIONAL, INC., STARWOOD HOTELS & RESORTS WORLDWIDE,

LLC, and each of them, in an amount in excess of the jurisdictional limits of the Circuit Court of

Cook County, Law Division.

Pursuant to Illinois Supreme Court Rule 222(b), the undersigned counsel for the plaintiff avers
that the money damages herein sought exceed FIFTY THOUSAND ($50,000.00) DOLLARS.

Respectfully submitted,

DOMINIC C. LOVERDE
Attorney for plaintiff

**MOTHERWAY & NAPLETON, LLP**
140 S. Dearborn, Ste. 1500
Chicago, IL  60603
(312) 726-2699
Attorney No. 56421
dloverde@mnlawoffice.com

15

# Exhibit A

Marriott.com ∨ / Westin Hotels & Resorts / Los Cabos / Resort

**WESTIN**
HOTELS & RESORTS

The Westin Los Cabos Resort Villas & Spa

📍 Carretera Transpeninsular KM 22.5, Los Cabos 23400 Mexico  📞 +52 624 142 9000 ∨

❓ English    ⑦ Help    🛄 My Trips    👤 Sign In or Join

MARRIOTT
BONV♥Y

**VIEW RATES**

| Overview | Photos | Rooms | Dining | Spa & Fitness | Local Area | Map | Meetings | Weddings | Offers |

Face coverings are required in all indoor public areas.

Owners and guests should review government guidance to confirm eligibility to travel and stay at this property. Click HERE for more information on the status of current property amenities and offerings. Face coverings are required in all indoor common areas.

The Westin Los Cabos Resort Villas & Spa

Overview  Photos  Rooms  Dining  Spa & Fitness  Local Area  Map  Meetings  Weddings  Offers

LEARN MORE

It's all right here with the Marriott Bonvoy™ App

**Top Destinations**

**For Guests**

**Our Company**

© 1996 – 2020 Marriott International, Inc. All rights reserved. Marriott Proprietary Information

Tracking Preferences ⟩ • Terms of Use ⟩ • Program Terms & Conditions ⟩ • Privacy Center ⟩ • Do Not Sell My Personal Information ⟩ • Digital Accessibility ⟩ • Site Map ⟩ • Help ⟩

⊕ English

prod9.1F8A278D-2F03-5D1A-A57A-A3BD1773714A

# Exhibit B

**Ad** · www.marriott.com/westin/loscabos ▾

## Westin Hotels & Resorts - Los Cabos Resort Villas & Spa

Get The Best Price, All The Time, When You Book on Marriott.com. Mobile Check-In. Committed to Cleanliness. Contactless Room Access. Mobile Key. Free Wi-Fi for Members.

### Specials & Packages
Get our special offers & packages only available at Marriott.com.

### Book Vistana Los Cabos
You'll get the best prices when you book at Marriott.com.

# Exhibit C

Marriott.com ∨ / Westin Hotels & Resorts / Los Cabos / Resort

# WESTIN
## HOTELS & RESORTS

## The Westin Los Cabos Resort Villas & Spa

📍 Carretera Transpeninsular KM 22.5, Los Cabos 23400 Mexico   📞 +52 624 142 9000 ∨

🌐 English   ❓ Help   📋 My Trips   👤 Sign in or Join

### MARRIOTT BONVOY

**VIEW RATES**

Overview | Photos | Rooms | Dining | Spa & Fitness | Local Area | Map | Meetings | Weddings | Offers

**VIEW PHOTOS**

‹ BACK TO SPA & FITNESS

# Spa Otomí Massages